ASCO COMPANY d/b/a Peter W.A.
Ambler Associates, Appellant,

v.

Lisa Anne BURKARD, Appellee.

No. 2-88-035-CV.

Court of Appeals of Texas,
Fort Worth.

April 13, 1989.

Rehearing Denied May 11, 1989.

Law, Snakard & Gambill, and Ed Huddleston and Lynn M. Johnson, Forth Worth, for appellant.

Stolhandske & Stolhandske, and William A. Brant and Per Hardy, San Antonio, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

OPINION

HILL, Justice.

Asco Company, doing business as Peter W.A. Ambler Associates, appeals from a judgment which awarded damages to Lisa Burkard, the appellee, representing amounts found to be due her under her employment contract with Asco as a result of its failure to pay her a bonus. Asco presents twenty-seven points of error.

We reverse and render judgment that Burkard take nothing by her suit, because we find that under the terms of her employment contract she was not entitled to any bonus since she did not work for Asco for the full year contemplated by the terms of the bonus provision in that contract.

In points of error numbers one and two, Asco contends that there is no evidence or insufficient evidence to show that there was a contract between the parties which provided that Burkard would receive a monetary bonus if revenues attributable to her exceeded a designated level.

Lisa Burkard started working for Asco in September, 1981, under the terms of a written employment contract. That contract contained a bonus provision which entitled Burkard to a bonus if revenues attributable to her efforts exceeded a designated level. Burkard testified that at the end of the first year, in September, 1982, she and Peter Ambler discussed her performance, and it was agreed that she would be promoted to consultant and would receive a car allowance, but her salary would remain the same. She said that that contract was otherwise based on the same terms and conditions as the previous contract. She testified that she received a bonus in accordance with the contract at the end of the second year.

Burkard related that at the end of the second year she requested that her salary be raised in an amount roughly equivalent to the amount of the bonus that she received. Since Ambler was not agreeable to doing that, Burkard agreed to work for $100 per day for a minimum of four days per week and was promoted to the office of vice president. She said that the original

contract was discussed and that everything else was to remain the same. They entered into this contract in September, 1983. Burkard left Asco in June, 1984. We find that this is evidence of probative force which supports the jury's finding that Burkard's contract provided for a bonus. Since there is evidence of probative force to support the jury's finding, we must overrule Asco's "no evidence" point of error.

Peter Ambler testified that it was never his intention for Burkard's contract in the last year to include a bonus. He said it was never discussed. Other evidence indicated that during Burkard's final year the company secretary, based on Ambler's instructions, was attributing all revenues upon which Burkard worked to her. In considering all of the evidence presented on the issue, we find that the evidence is factually sufficient to support the jury's finding that there was a contract between the parties which provided that Burkard would receive a monetary bonus if revenues attributable to her exceeded a designated level. We overrule points of error numbers one and two.

█ Asco urges in point of error number three that there was no evidence to support the jury's finding that there were revenues of Asco attributable to the efforts of Burkard which exceeded the designated level entitling Burkard to a bonus.

Burkard testified that, at Asco, revenue was credited to whoever was working on the file at the time that the revenue was received. She testified without objection that $87,948 was the total amount received by Asco that was attributable to her efforts. She said that her total base pay for the period from September 1983 to June 1984, the period she worked under her final contract, was $18,299.99. She computed that she was owed a bonus of $11,016.01. She arrived at this figure by tripling the amount of her base pay, subtracting that figure from the revenues attributable to her, and then dividing the difference by three.   [$87,948 − (3 × $18,299.99) ]/3 = $11,016.01.

The original written contract contained the following provision as to the bonus:

A. *Bonus.* A bonus will be paid based on performance. This will be a percent of amount of gross income to the firm that the employee contributed.

An addendum to the contract containing the provisions for ascertaining the amount of the bonus provided in part as follows:

1. The Bonus referred to in paragraph 4.A. of the Employment Contract shall be calculated as follows: If the total revenues to the Company attributable to Employee's efforts, *for the term of the Contract,* is in excess of three (3) times Employee's base salary, Company shall pay to Employee at the end of such term, a bonus equal to 33⅓% of such excess attributable to revenues from existing clients of Company, and 40% of such excess attributable to new clients of Company. The term "new clients" as used herein, shall mean clients of Company who were not clients of Company at the commencement of the term of this Employment Contract, and who became a client of the Company, solely as a result of the efforts of Employee. [Emphasis added.]

Under the terms of the contract, the employee is entitled to a bonus only when the total revenues attributable to the employee, *for the term of the contract,* is in excess of three times the employee's base salary. In its context that could only mean the base salary for the term of the contract. The term of the contract was for one year, beginning September 1983. Since Burkard left Asco in June 1984 and did not work for Asco for the full one year provided by this contract, she never accrued the attributable revenues or the base salary necessary to trigger the contract's bonus provisions. We therefore find that the evidence does not support the jury's finding that revenues attributable to Burkard exceeded the amounts necessary to entitle her to a bonus under her contract with Asco. We sustain point of error number three. In view of this finding, we need not consider the remaining points of error.

We reverse and render judgment that Burkard take nothing by her suit.

FARRIS, J., dissents.

FARRIS, Justice, dissenting.

I dissent and would affirm the judgment of the trial court because I disagree with the majority's interpretation of the contract which would require Burkard to work a full year in order to receive the bonus. The logical extention of the majority's reasoning gives rise to two unlikely scenarios. First, had Burkard worked the full year, without a vacation, her base salary would have been $20,800 ($100 a day times four days a week times fiftytwo weeks a year). According to the majority's interpretation of the policy, if Burkard had remained with Asco for a full year, she would have been entitled to receive her base pay for the year plus a bonus of $8,516 without contributing anything additional to Asco's revenues. Second, since the contract reserved to Asco the right to discharge Burkard if Asco determined that her performance was not satisfactory, Asco could fire her before the year ended, depriving her, by the majority's determination, of any right to a bonus.

The addendum makes reference to paragraph 4A of the base contract which provides:

A. *Bonus.* A bonus will be paid based on performance. This will be a percent of amount of gross income to the firm that the employee contributed.

The two scenarios are unlikely because one can defend neither as reasonably reflecting the probable intent of the parties to the contract and its addendum. I would interpret this provision and the addendum to mean that Burkard did not have to work a full year for Asco to receive a bonus. For this reason I would affirm the judgment of the trial court.