**Lisa Anne BURKARD, Petitioner,**

v.

**ASCO CO., d/b/a/ Peter W.A. Ambler Assoc., Respondent.**

No. C–8784.

Supreme Court of Texas.

Nov. 8, 1989.

---

Law, Snakard & Gambill, and Ed Huddleston and Lynn M. Johnson, Fort Worth, for respondent.

Stolhandske & Stolhandske, and William A. Brant and Per Hardy, San Antonio, for petitioner.

PER CURIAM.

This case involves the breach of an employment contract and raises the issue of whether there was some evidence to support specific jury findings.

Petitioner Lisa Anne Burkard was employed by respondent ASCO under an employment contract with a one-year term. The employment contract contained a provision which entitled Burkard to a bonus if she generated a certain level of revenues during the term of the contract. The contract did not expressly address whether Burkard would be paid a bonus if she terminated employment before the end of the term. Burkard was employed under the same contract, with certain oral modifications, throughout her employment with ASCO, and was paid a bonus at the end of her second year. In her third year, Burkard voluntarily terminated her employment after nine months. ASCO refused to pay Burkard a bonus claiming that she forfeited her rights to a bonus by terminating her employment prior to the completion of the term of the contract.

The jury found that Burkard generated sufficient revenues to trigger the bonus provision and failed to find that Burkard forfeited the bonus by terminating her employment prior to the completion of the term of the contract. Based upon the jury's verdict, the trial court rendered judgment for Burkard in the amount of $11,016.01. The court of appeals held that there was no evidence that Burkard generated sufficient revenues to trigger the bonus provision simply because she terminated her employment voluntarily before the end of the year. Accordingly, the court of appeals reversed the judgment of the trial court and rendered judgment that Burkard take nothing by her suit. 770 S.W.2d 60.

When reviewing a no evidence point an appellate court must consider "only that evidence and reasonable inferences drawn therefrom in their most favorable light to support the jury's findings, disregarding all contrary evidence and inferences." *King v. Bauer*, 688 S.W.2d 845 (Tex.1985). Burkard testified, without objection, that $87,948 in revenues were attributable to her efforts during her third year of employment. Pursuant to the bonus provision, generating $87,948 in revenues entitled her to a bonus of $11,016.01. It is undisputed that generating that level of revenues would have entitled Burkard to a bonus even if she had stayed the full year. In granting Burkard the right to a bonus, the contract did not condition that right on Burkard's continued employment for an entire year, nor was Burkard ever told that by failing to complete the term of the contract she would forfeit her right to a bonus. We hold that this is some evidence to support the jury finding that Burkard generated sufficient revenues to trigger the bonus provision.

Accordingly, pursuant to Tex.R.App.P. 133(b), without hearing oral argument, a majority of this court grants Burkard's application for writ of error, reverses the judgment of the court of appeals and remands the cause to the court of appeals to determine the factual sufficiency points of error.