**HARRIS COUNTY, Appellant,**

**v.**

**Billie Taylor McCOY, Surviving Spouse of Haskell J. McCoy, Deceased, Appellee.**

**No. 01–89–00003–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 3, 1990.

Rehearing Granted Jan. 31, 1991.

Mike Driscoll, County Atty., A.B. Crowther, Jr., Asst. County Atty., Harris County, for appellant.

Stan Nix, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

In this appeal from a judgment awarding workers' compensation benefits to a widow, the primary issue is whether the decedent worker was in the course and scope of his employment when he was killed in an automobile collision.

Appellant, Harris County, a self-insured workers' compensation carrier, is the defendant in the underlying suit brought by Billie Taylor McCoy. She is the widow of Haskell McCoy, who is the decedent and a former Harris County sheriff's deputy.

On February 2, 1987, Deputy McCoy was killed in a two-car collision as he was traveling south on the feeder road of the Eastex Freeway after attending a firearms qualification session at the Harris County Sheriff's Atascocita Firing Range.

In its first three of five points of error, Harris County argues that there was no evidence or insufficient evidence to support a jury finding that McCoy was in the

course and scope of his employment when he was killed.

Generally, an injury occurring in the use of the public streets or highways in going to and from the place of employment is noncompensable. *Janak v. Texas Employers' Ins. Ass'n,* 381 S.W.2d 176, 178 (Tex. 1964). There are four exceptions to this rule under the governing statute. Tex. Rev.Civ.Stat.Ann. art. 8309, § 1b (Vernon 1967). Injuries occurring during travel may be in the course and scope of employment, and therefore compensable, when: (1) transportation is furnished as a part of the contract of employment; (2) transportation is paid for by the employer; (3) transportation is under the control of the employer; or (4) when the employee is directed in his employment to proceed from one place to another. *Janak,* 381 S.W.2d at 179.

Mrs. McCoy made no claim that the first three exceptions apply and relied solely on the fourth. The supreme court has construed this exception to include situations in which the employee proceeds from one place to another under the terms of employment that expressly or impliedly require that he do so to discharge the duties of his employment. *Jecker v. Western Alliance Ins. Co.,* 369 S.W.2d 776, 779 (Tex. 1963). In *Jecker,* the court found that there was sufficient evidence to support a finding that the claimant was in the course and scope of his employment when he was killed on his return from repairing a range sold through his employer. The court made the determination that he was in the course of his employment based on evidence to support the following:

1) that he was traveling on the highway pursuant to express or implied provisions of his employment contract that he do so in performance of his duties, and

2) that he would have made the trip had there been no personal or private affairs to be furthered and would not have made it had there been no business of his employer to be furthered.

*Id.*

Among the situations comprehended by this fourth exception, which applies when the employee is directed from one place to another, are those in which the employee performs a "special mission" at the express or implied request of his employer. *Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d 186, 192 (Tex.1980). As expressed during oral argument, Harris County's primary point is that once Deputy McCoy left the firing range to drive home, absent any evidence that he was otherwise acting under express or implied provisions of his employment, he no longer was on a special mission and in the course and scope of his employment.

The fact that the employee has left his destination to return home is not determinative of whether he is on a special mission. If an employee is sent on a special mission, he is considered on such mission while returning from the place to which he was required to go by his employer, unless he deviates from the purpose of his mission and engages in an enterprise of his own. *Best Steel Bldgs., Inc. v. Hardin,* 553 S.W.2d 122, 129 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). *Best Steel Buildings* involved a worker who travelled out of town. Even so, the logic used in finding that traveling is part of a special mission applies to our case: "It is elementary that if an employee is instructed to go to a certain place and return, as here, he would necessarily be required to travel in both directions." *Id.*

Whether a worker may be considered to be in the course and scope of his employment while returning from a special mission was addressed in another case. *Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d at 186. In *Freeman,* the supreme court considered a case in which the worker was killed on a Saturday, which was not during his normal working hours. He died in a collision five minutes after he left a polygraph test arranged by his employer. The court determined that there was sufficient evidence for the jury to reasonably infer that the employee was required to take a polygraph test and that an obligation to take the test was imposed upon

the employee as a condition of his employment.

At oral argument in our case, Harris County argued that in *Freeman* there was evidence before the appellate courts, as indicated by the court of appeals' decision, that the employee may have been furthering the business of the employer on his way home, and that *Freeman* can be distinguished on this basis. However, in making its determination that the worker was within the course and scope of his employment, the supreme court focused entirely on evidence concerning whether the polygraph testing could be considered a special mission. In its analysis of whether he was on a special mission when he died, the court does not refer to any evidence concerning the likelihood that the worker was otherwise furthering the business of his employer rather than going directly home. As in our case, the accident in *Freeman* also occurred shortly after the worker left the destination of the special mission.

In reviewing a no evidence challenge, we must consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 663, 244 S.W.2d 660, 661 (1951). Factual sufficiency points require that we consider and weigh all the evidence. The finding must be upheld, unless we determine that the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Id.* When, as here, both legal and factual sufficiency points are raised, we must rule on the no evidence point first. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981).

In this case, applying tests for the special mission set out in *Jecker*, we find there is sufficient evidence to support a finding that Deputy McCoy was traveling pursuant to express or implied provisions of his employment requiring him to do so in performance of his duties; that he would have made the trip had there been no personal or private affairs to be furthered; and that he would not have made the trip had there been no business of his employer furthered. The evidence shows that on the date of his death, Deputy McCoy worked his regular shift as a bailiff in the 113th District Court in downtown Houston and went to the firing range where he qualified with the use of firearms. Departmental policy requires semi-annual qualification as a condition of employment. Harris County does not dispute that when the accident occurred Deputy McCoy was headed directly home. He was in uniform, wearing his badge, and carrying his gun. Additionally, Sheriff Johnny Klevenhagen testified that, generally, the time required to go to the qualifying range, shoot, and return home or back to the court or office was compensable for overtime purposes. We hold that there is evidence supporting the jury's finding that Deputy McCoy was on a special mission and thus in the course and scope of his employment, and that this finding was not so unreasonable or against the great weight and preponderance of evidence as to be manifestly unjust.

Accordingly, Harris County's points one, two, and three are overruled.

In points of error four and five, Harris County argues that there is insufficient or no evidence to support the jury's finding that McCoy had worked as a sheriff's deputy for at least 210 days of the year immediately preceding the date of his death and in setting an average daily wage based on this finding.

The workers' compensation statute computes average weekly wages based on the days the employee "actually worked" in the previous year. Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967). Harris County argues that the jury reached its finding by including "comp time" and vacation rather than the days "actually worked."

The jury question asked:

Do you find that Plaintiff had worked in the employment in which he was working on February 2, 1987, whether for the same employer or not, for at least 210

days of the year immediately preceding such date?"

The jury answered, "We do."

The question to the jury was not whether Deputy McCoy "actually worked" 210 days, but rather whether he "had worked in the employment" of Harris County for at least 210 days of the year preceding February 2, 1987. The Harris County auditor's representative testified Deputy McCoy had worked for Harris County more than six and a half years. This testimony supported the jury's affirmative response to the question asked.

█ Furthermore, Harris County has waived any complaint that this evidence did not comport with the statutory measure of recovery, which is based on the days "actually worked." Harris County did not object to the question in the charge inquiring whether Deputy McCoy had worked "in the employment" of Harris County, rather than whether he "actually worked" 210 days. When the trial court submits an improper measure of damages for a ground of recovery, the adverse party may not complain on appeal unless it objects to submission of the damage issue on that basis. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658, 669 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Harris County made no objection to the charge and thus has waived this complaint on appeal. We overrule this point.

Harris County's fifth point of error, complaining there is no evidence or insufficient evidence to support the jury's finding of Deputy McCoy's wage rate, is contingent on sustaining point of error four. Since we overruled Harris County's fourth point, we also overrule point of error five.

Accordingly, we affirm the judgment of the trial court.

## OPINION ON MOTION FOR REHEARING

█ In a supplemental brief in support of its motion for rehearing, Harris County directs our attention to the recent opinion of the Texas Supreme Court in *Evans v.* *Illinois Employers Insurance of Wausau,* 790 S.W.2d 302 (Tex.1990). The county contends that our ruling on points of error one through three in our original opinion, e.g., that there was evidence that McCoy was on a special mission at the time of the accident, is in conflict with the holding of the Texas Supreme Court in *Evans.* We agree.

In *Evans,* a workers' compensation case, the issue was whether the two employees had been on a special mission for their employer at the time their vehicle was struck by a train. Under the terms of the employer's contract with the Army Corps of Engineers, all employees working on the job were required to attend safety meetings every Monday morning at a point 7½ miles south of the job site. On the Friday before the accident, the two employees had been instructed by their supervisor to attend the safety meeting early the following Monday morning, at which time their pay was to begin. The two employees were driving directly from their homes to the meeting when their vehicle collided with a train.

The Texas Supreme Court concluded that because the employees' attendance was "an integral part of the job, and not a special mission, travel to the safety meeting was simply travel to work." The court noted that an employee may have more than one fixed place of employment, and that the time and place of employment can change "according to the nature of his work." *Evans,* 790 S.W.2d at 304. The court found that both employees had to return to work on Monday morning, "from wherever they happened to be," and since their trip home on Friday was made for purely personal reasons, their return trip to work was not in furtherance of their employer's affairs. *Id.* at 305. The court opined that if the employees had been injured while enroute from the safety meeting to their primary work site, those injuries would have been covered. But, said the court, because neither employee had begun work, their injuries fell squarely within the "coming and going rule," precluding them from recovering workers' compensation benefits. Thus, the court stated that required safety meet-

ings were "not special missions," but rather a "regularly scheduled part of each employee's job." *Id.* at 305.

In view of the Texas Supreme Court's ruling in *Evans*, we conclude that our holding in this case was erroneous. We therefore grant Harris County's motion for rehearing, sustain Harris County's points of error one, two, and three, and hold that the evidence shows as a matter of law that McCoy was not on a special mission at the time of the accident.

Accordingly, we reverse the judgment of the trial court and render judgment that the plaintiff take nothing.

MIRABAL, Justice, dissenting.

I respectfully dissent.

I do not agree that our initial holding, that the evidence supported the jury's finding that McCoy was on a special mission at the time of the accident, is in conflict with the holding of the Texas Supreme Court in *Evans v. Illinois Employers Insurance of Wausau*, 790 S.W.2d 302 (Tex.1990).

In my opinion, *Evans* is factually distinguishable from the present case in material ways. In *Evans*, attendance at the regular Monday morning safety meetings was specifically required by a provision in the contract, and therefore was an integral part of the job. Travel to the safety meeting the first thing every Monday morning was simply travel to work. *Evans*, 790 S.W.2d at 304. In the present case, no *regularly scheduled* meeting is involved. Rather, as a condition of employment, Deputy McCoy would go to the firing range at least twice a year to qualify with the use of firearms. I consider the distinction to be material: attendance at a firing range once every six months or so, whenever you can schedule it *versus* required attendance every Monday morning at 7:30 a.m. at a safety meeting in a trailer approximately 7½ miles from the construction job site.

Additionally, in *Evans*, at the time the plaintiffs were involved in the accident, they were driving to work from their homes on a Monday morning. In the present case, Deputy McCoy worked his regular shift as a bailiff in the 113th District Court, from there went to the firing range, and shortly after he left the firing range, still in his uniform, he was involved in the fatal accident.

I think the facts of this case are closer to those in *Freeman v. Texas Compensation Ins. Co.*, 603 S.W.2d 186, 192 (Tex.1980), where the court held the plaintiff was on a special mission when he died shortly after leaving the location of a polygraph test that was arranged by his employer. I consider it relevant here that Deputy McCoy was in close proximity to the firing range location when the accident occurred, because he would not have been at the site of the accident if it were not for his visit to the firing range, a special mission required by his employer on a semi-annual basis.

I would overrule the motion for rehearing and affirm the judgment.