**Opinion issued October 28, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00049-CV

———————————

**JUAN JOSE ROJAS, Appellant**

**V.**

**LILIAN GUARDADO, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-01030**

---

## MEMORANDUM OPINION

Juan Jose Rojas and Lilian Guardado are the parents of A.M.G., a minor daughter. The trial court adjudicated parentage and ordered Rojas to pay current and retroactive child support child support to Guardado. Rojas appeals. We find no abuse of discretion in the trial court's order, and accordingly we affirm.

## Background

Lilian Guardado gave birth to A.M.G. in 2005. The Office of the Attorney General filed suit in 2010 to establish that Rojas is the father of A.M.G. and to compel payment of current and retroactive child support. The court entered a temporary order in which it ordered Rojas to pay $236 per month as child support, which it later modified to $355 per month. Guardado filed a cross-petition seeking that same relief.

The trial testimony showed that Rojas earns his living cleaning offices and doing yard work and other tasks for a man identified in the record only as his "boss," as well as for Heart Home Health Care, Inc. and IPR Healthcare, two companies owned by Rojas's boss. Rojas cleans offices for these companies three evenings per week, approximately three hours per day, and once a week he cuts his boss's grass in the morning. He also testified that he "probably" and "maybe" works a total of 40 hours per week, while noting, "but I work in a different manner."

Rojas testified that he is "employed" by his boss and his companies and that he was "employed" for 7 years before the hearing. His attorney also argued to the trial court that Rojas is not self-employed, but he instead is employed by Heart Home Health Care and IPR Healthcare, which withhold from Rojas's "wages" for payment of child support. Rojas also owned a restaurant, Trompos Mexican

Restaurant, which closed in 2009 or 2010 and which Rojas continued to report on his tax returns until 2010.[1]

Rojas and his current wife, Faviola Villegas,[2] own another restaurant, Taqueria y Pupuseria Cristal.[3] At trial, Rojas argued that his wife is not the restaurant's owner but merely works there and "is listed as a taxpayer" because "she pays the taxes." According to Rojas, his name also appears as a taxpayer in unspecified public documents because his wife listed him as one, but he has no ownership interest. Villegas, however, testified that she "opened up [the] restaurant" and that she manages it, pays the sole employee, pays the restaurant's bills, draws a profit from the restaurant's proceeds, and claimed a loss for it on her 2011 tax return.

Villegas testified that Rojas does not work at the restaurant because he is unfamiliar with the kitchen and does not know how to charge customers. Rojas

---

[1] A tax filing admitted into evidence identifies the name of the restaurant as "Trompos Mexican Restaurant" and Rojas as the proprietor. The restaurant is also identified in the record as "Los Trompo," "El Trompo," and "Mr. Trompo."

[2] Despite a confused factual record concerning the nature of Rojas's relationship with Villegas, the parties' consensus is that Rojas and Villegas are common-law spouses.

[3] A tax filing admitted into evidence identifies the name of the restaurant as "Taqueria y Pupuseria Cristal" and Villegas as the proprietor. The restaurant is also identified in the record as "Crystal Pupuseria Taqueria" and "Crystal Taqueria Pupuseria."

explained that he does not work there because he "can't make pupusas" and cannot do the cleaning required by the restaurant, which involves a mop, whereas he does his cleaning with a vacuum cleaner. Further, he testified that he is prevented from working during business hours because "sometimes" he is waiting for a call from his "boss."

The testimony also included evidence that Rojas pays $606 per month for a car; $80 per month for auto insurance; $200 per month for gas, oil, and parking; and $629 per month for the house where he lives with Villegas. His car is a 2011 model for which he owes approximately $20,000, and he explained that he uses it for his office-cleaning work. Villegas, meanwhile, pays more than $600 per month on another car loan and approximately $1,000 per month on utilities. This evidence prompted the trial court to express doubts as to the couple's ability to meet these expenses on the limited income disclosed by them.

At the conclusion of the hearing, the trial determined that Rojas was A.M.G.'s father and ordered him to pay $403 per month in child support, as well as retroactive support at the same monthly rate beginning January 7, 2006, resulting in a total of $17,592.00 in retroactive support. In its order, the trial court found that the amount of child support ordered conformed with the percentage guidelines established by Section 154.125 of the Family Code; that Rojas had monthly net resources of $2,015; and that the percentage to be applied to those resources was

4

20 percent. Rojas filed a request for findings of fact and conclusions of law, a notice of past due findings of fact and conclusions of law, and a request for additional findings of fact and conclusions of law, but the trial court did not enter any findings of fact or conclusions of law. He also filed a motion for new trial, which the trial court denied. Rojas then appealed to this court.

On appeal, Rojas initially raised five issues. First, he argued that the trial court erred by refusing to file findings of fact and conclusions of law. Second, he argued that the trial court abused its discretion by selecting $2,015 as Rojas's monthly net resources, when the evidence supported at most an amount of $1,437. Third, Rojas argued that the selection of $403 as the amount of monthly child support deviated from the guidelines because Rojas's monthly net resources were only $1,437. Fourth, he argued that the trial court abused its discretion in selecting $403 per month in retroactive child support. Fifth, he argued that the trial court abused its discretion in denying his motion for new trial.

In order to ensure proper presentation of the case on appeal, we ordered the trial court to file findings of fact and conclusions of law. *See* TEX. R. APP. P. 44.3, 44.4(a); TEX. R. CIV. P. 297; TEX. FAM. CODE ANN. § 154.130 (West 2012). The trial court did so, finding that Rojas has monthly net resources of at least $1,435, but that an upward deviation from the percentage guidelines was just and appropriate because (1) Rojas is and was at all relevant times "intentionally

5

unemployed or underemployed";[4] (2) he is and was at all relevant times "both employed and self-employed"; (3) he "intentionally withheld available revenue from reported income that he disclosed at trial"; (4) he owns an interest in one or more restaurants; (5) he has self-employed income from those restaurants; and (6) his testimony was not credible. The trial court also entered conclusions of law, in which it determined that Rojas should pay the amounts set forth in the order entered after the hearing.

We permitted Rojas to file a supplemental brief, in which he raises 13 issues. In the first six of these, he argues that the evidence was legally or factually insufficient to support the trial court's findings of fact with respect to (1) whether he is intentionally unemployed or underemployed; (2) whether he was intentionally unemployed or underemployed from January 1, 2006 to July 31, 2012; (3) whether he is employed for purposes of calculating child support; (4) whether he was employed for such purposes from January 1, 2006 to July 31, 2012; (5) whether he intentionally withheld revenue from his reported income that he disclosed at trial; and (6) whether he has self-employed income from one or more restaurants in

---

[4] *See* TEX. FAM. CODE § 154.066 ("If the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the court may apply the support guidelines to the earning potential of the obligor."). Section 154.066 has been amended since the time relevant to this appeal, but that amendment has no bearing on the issues before us. *See* Act of May 20, 2013, 83d Leg., R.S., ch. 1046, § 2, 2013 Tex. Sess. Law Serv. 2506, 2506 (West).

which he has an ownership interest. In his twelfth supplemental issue, he argues that the evidence was legally or factually insufficient to support the trial court's finding that application of the child support guidelines in the Family Code would be unjust or inappropriate. In the remaining supplemental issues, Rojas argues that the trial court misapplied the law to the facts because the trial court's factual findings are themselves erroneous.[5]

## Analysis

### I.  Legal and factual sufficiency of the evidence

"A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *see also Moreno v. Perez*, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Texas Family Code both establishes guidelines for child support and gives the trial court discretion in setting the amount of child support. TEX. FAM. CODE ANN. § 154.121; *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993). The guidelines in the Family Code are presumed to be in the best interest of the child, but that presumption is

---

[5]    As noted above, one of the issues raised in Rojas's initial brief was that the trial court erred in failing to file findings of fact and conclusions of law, as required by the Family Code. *See* TEX. FAM. CODE ANN. § 154.130 (West 2012). Because the trial court eventually did file findings of fact and conclusions of law after the initiation of this appeal, we now consider that issue moot.

7

rebuttable, and the trial court "may determine that the application of the guidelines would be unjust or inappropriate under the circumstances." TEX. FAM. CODE ANN. § 154.122.

A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Moreno*, 363 S.W.3d at 735. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Applying this standard of review, "legal and factual insufficiency are not independent, reversible grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion." *Brejon v. Johnson*, 314 S.W.3d 26, 30 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The trial court does not abuse its discretion if the record contains some evidence of substantive and probative character to support its decision. *Id*. at 29. To determine whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's order, indulging every presumption in favor of the trial court's action. *Id*.

When evidence is undisputed and conclusive—that is, when it "allows of only one logical inference"—it can be viewed in only one light, and neither the factfinder nor this court may disregard it. *City of Keller v. Wilson*, 168 S.W.3d 802,

814 (Tex. 2005). If, on the other hand, the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then we will not disturb the trial court's findings. *See id.* at 822. The trial court, as the factfinder, determines the credibility of all witnesses, the weight to be given their testimony, whether to believe or disbelieve all or part of their testimony, and how to resolve any inconsistencies in their testimony. *In re M.P.M.*, 161 S.W.3d 650, 655 (Tex. App.—San Antonio 2005, no pet.); *see also City of Keller*, 168 S.W.3d at 819–21. If more than a mere scintilla of evidence supports the finding, we must overrule the legal sufficiency challenge. *Brejon*, 314 S.W.3d at 30.

When a party raises a factual sufficiency challenge, we must consider and weigh all the evidence in a neutral light, and we will sustain the challenge only if the evidence supporting the finding is so weak that the finding is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Brejon*, 314 S.W.3d at 30.

## A.   Net resources

In his second issue, Rojas argues that the trial court arbitrarily selected $2,015 as the amount of his net monthly resources. The trial court's amended findings of fact, however, do not contain this finding. Rather, the trial court found that Rojas had net monthly resources of at least $1,435 at the time of trial and $1,433.66 during the period January 1, 2006, to July 31, 2012. Rojas concedes that

9

the evidence supported a finding that his net monthly resources were $1,437. Accordingly, we overrule his second issue as mooted by the trial court's amended findings of fact.

**B.    Current child support**

In his third issue and his first, third, fifth, sixth, and twelfth supplemental issues, Rojas challenges the legal and factual sufficiency of the evidence supporting the trial court's deviation from the Family Code's guidelines in setting the amount of his current child support obligation at $403 per month.[6] We will address each such challenge in turn.

*1.    Intentional underemployment*

The trial court found that Rojas is intentionally underemployed.[7] Rojas argues in his first supplemental issue that the evidence was legally or factually insufficient to support this finding.

Rojas testified that he does manual labor, but he does so only for approximately a dozen hours per week, spread over four days. He admits that he

---

[6]    Supplemental issues five, six, and twelve address both the findings related to current child support and those related to retroactive child support. We will consider Rojas's arguments as they relate to each award.

[7]    The finding's language tracks that in Section 154.066 of the Family Code, which refers to a finding that the obligor is "intentionally unemployed or underemployed." TEX. FAM. CODE ANN. § 154.066. Because the trial court also found that Rojas is and was employed at all relevant times, we construe the trial court's finding as one of intentional underemployment.

has owned a restaurant in the past, that his wife pays taxes for and draws income from a restaurant, that the restaurant needs to be cleaned, and that the primary nature of his own work is in cleaning office buildings. He insists, however, that he cannot work in his wife's restaurant because he does not know how to charge customers, how to work in the kitchen, or how to clean with a mop, as opposed to a vacuum cleaner. The record contains no evidence that he has tried to do—or tried to learn how to do—such work and failed. He also testified that he could not work during the day because he waits for calls from his boss, although he did not testify that any such calls would interfere with work during business hours, and he agreed that he does not get paid for time not spent actually working for his boss. The trial court could have found—and presumably did find—that Rojas did not offer credible testimony to explain why he is not employed more hours per week or why he does not work at his wife's restaurant during the day. *See City of Keller*, 168 S.W.3d at 819. The evidence was legally and factually sufficient to support this finding, and we conclude the trial court did not abuse its discretion by so ruling. We therefore overrule Rojas's first supplemental issue. *See Brejon*, 314 S.W.3d at 30.

### 2. *Employment*

The trial court also found that Rojas is employed, which Rojas challenges as not being supported by legally or factually sufficient evidence. The evidence,

11

however, conclusively demonstrated that Rojas receives pay directly from his boss and his boss's two companies, that those companies withhold money from his wages for child support, and that Rojas considers himself employed by his boss and his boss's companies. We note that one who hires an employee may be ordered to withhold child support from wages, but no similar obligation exists for one hiring an independent contractor. *See In re C.A.T.*, 316 S.W.3d 202, 207 (Tex. App.—Dallas 2010, no pet.). We also note that Rojas's counsel repeatedly insisted at the hearing that Rojas is not self-employed, but is employed by Heart Home Health Care and IPR Healthcare.

Under these circumstances, we hold that more than a scintilla of evidence supported the trial court's determination that Rojas is employed for purposes of calculating his child support obligations. That evidence is therefore legally sufficient. *See Brejon*, 314 S.W.3d at 30. Further, that evidence is not so weak that the finding is clearly wrong and manifestly unjust. *See id.* Accordingly, we conclude the trial court did not abuse its discretion, and we overrule Rojas's third supplemental issue.

### 3. *Amount of income*

The trial court further found that Rojas intentionally withheld revenue from his reported income and that he has self-employed income from one or more restaurants. Rojas challenges these findings as based on legally or factually

insufficient evidence. The trial court, however, heard undisputed testimony from multiple witnesses that Rojas is listed as a taxpayer on the property associated with Taqueria y Pupuseria Cristal and that his wife derives $1,200 or more per month in profit from that restaurant. Guardado testified that Rojas and his wife actually co-own the restaurant, such that a portion of that $1,200 belongs to Rojas, and that both Rojas and Villegas were there when Guardado visited the restaurant. She also testified, without objection, that Rojas's cousin told her that Rojas had "just opened" Taqueria y Pupuseria Cristal. And while Rojas testified that his first restaurant, Trompos Mexican Restaurant, is no longer in business, Guardado testified to the contrary. The trial court could have disbelieved Rojas and believed Guardado. *See City of Keller*, 168 S.W.3d at 819. Legally and factually sufficient evidence supports the trial court's order with respect to these findings, and we conclude the trial court did not abuse its discretion by so ruling. Thus we overrule Rojas's fifth and sixth supplemental issues to the extent they address Rojas's current child support obligations.

### 4. *Deviation from the child support guidelines*

Rojas also argues that the evidence is legally or factually insufficient to support the trial court's finding that application of the child support guidelines would be unjust or inappropriate in this case. Section 154.122(b) of the Family Code provides: "A court may determine that the application of the guidelines

would be unjust or inappropriate under the circumstances." TEX. FAM. CODE ANN. § 154.122(b). If it does so and the evidence rebuts the presumption that application of the guidelines is in the best interest of the child, the trial court may order payments in an amount other than that established by the guidelines. *Id.* § 154.123(a). Factors it may consider include whether the obligee is intentionally unemployed or underemployed. *Id.* § 154.123(b)(5). The law requires the trial court to state its reasons for making such findings. *Id.* § 154.130(b). Here, the trial court clearly stated its reasons for deviating from the guidelines, one of which was that Rojas was intentionally underemployed, a finding that was supported by legally and factually sufficient evidence. Because the trial court's order complies with the requirements of the Family Code, we cannot say that it abused its discretion in finding that application of the guidelines would be unjust or inappropriate, and we overrule Rojas's twelfth supplemental issue with respect to current child support.

Because Rojas has not demonstrated that the evidence is legally or factually insufficient to support the trial court's order with respect to current child support, we also overrule his third issue in his original brief.

\* \* \*

In sum, legally and factually sufficient evidence supported the trial court's findings of fact, and those findings of fact comply with the requirements of Texas

14

law. Under these circumstances and in the absence of any additional arguments as to why the trial court abused its discretion, we hold that the trial court did not abuse its discretion in setting the amount of Rojas's current child support obligation. *See Ayala*, 387 S.W.3d at 726; *Brejon*, 314 S.W.3d at 30; *In re W.M.*, 172 S.W.3d at 725.

### C. Retroactive child support

Rojas also argues—in his fourth issue and second, fourth, fifth, sixth, and twelfth supplemental issues—that legally and factually insufficient evidence supports the trial court's order with respect to retroactive child support. Rojas, however, testified that his income over the years 2007 through 2010 was approximately the same as his 2011 income, and he has been "always" employed for the seven years before the hearing. This constitutes more than a scintilla of evidence as to the amount and nature of his income. *See Brejon*, 314 S.W.3d at 30. He also owned Trompos Mexican Restaurant during much of that period. Thus, for the same reasons that the trial court found that Rojas was employed yet intentionally underemployed, and that he had self-employment income while intentionally withholding revenue at the time of the hearing, it could have made precisely the same credibility and weight-of-the-evidence assessments to make the same findings with respect to the period from January 1, 2006 to July 31, 2012.

We hold that the evidence was legally and factually sufficient to support the trial court's findings of fact with respect to Rojas's retroactive child support obligations. We further hold that the trial court did not abuse its discretion in setting the amount of Rojas's retroactive child support obligations. *See Ayala*, 387 S.W.3d at 726; *Brejon*, 314 S.W.3d at 30; *In re W.M.*, 172 S.W.3d at 725. Accordingly, we overrule Rojas's fourth issue and second, fourth, fifth, sixth, and twelfth supplemental issues.

## II.    Motion for new trial

In his fifth issue, Rojas argues that the trial court erred in denying his motion for new trial. We review an order denying a motion for new trial for abuse of discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (per curiam); *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 312 n.3 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Rojas bases his argument entirely on his reasoning that the trial court erred in reaching the factual conclusions addressed above, and that it therefore should have granted a new trial. Because legally and factually sufficient evidence supported the trial court's order, we cannot say that the trial court abused its discretion in denying the motion for new trial. *See Champion Int'l Corp.*, 762 S.W.2d at 899; *Pitts & Collard*, 369 S.W.3d at 312 n.3. We overrule Rojas's fifth issue.

## III.     The trial court's conclusions of law

Rojas's seventh through eleventh and thirteenth supplemental issues attack the trial court's conclusions of law. Rojas argues that no evidence supports the trial court's findings of fact and, therefore, the trial court misapplied the law to the facts of the case. But we have already rejected Rojas's challenges to the sufficiency of the evidence. Moreover, the challenged conclusions of law are actually mere recitations of the findings of fact that we have already discussed. Rojas does not raise any other argument that the trial court erred in its conclusions of law. Accordingly, we hold that the trial court's conclusions of law contain no reversible error, and we overrule Rojas's seventh through eleventh and thirteenth supplemental issues.

### Conclusion

Having overruled each of Rojas's issues and supplemental issues, we hold that he has not clearly demonstrated that the trial court abused its discretion in setting the amounts of his current or retroactive child support. Because we find no abuse of discretion in the trial court's order, we affirm.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

17