

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00336-CV

**IN THE INTEREST OF M.S.M.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-02012
Honorable Richard Garcia, Associate Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  December 14, 2016

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

This is an appeal from an order modifying a "Final Order in suit Affecting the Parent-Child Relationship." Sam[1] argues the trial court erred by finding he owed child support arrearages and ordering him to pay an increased amount in monthly child support payments for M.S.M. We reverse the trial court's modification of Sam's child support obligation and render judgment reinstating Sam's child support obligation of $419 a month. We affirm the remainder of the trial court's order.

---

[1] To protect the identity of the minor child, we refer to the child's father by an alias and to the child by the child's initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

The Department of Family and Protective Services filed an original petition to modify the prior SAPCR order. The trial court previously terminated the parental rights of M.S.M.'s mother and appointed the Department permanent managing conservator. The final order did not terminate Sam's parental rights, but appointed him as M.S.M.'s possessory conservator. The trial court also ordered Sam to pay $419 a month in child support. In its original petition to modify the trial court's prior order, the Department requested the trial court to appoint M.S.M.'s foster mother as sole managing conservator. The Department did not request the trial court to find whether Sam owed any child support arrearages or to modify his child support obligation.

At the trial on the Department's petition to modify, the Department and Sam agreed M.S.M.'s foster mother should be appointed sole managing conservator. The Department then requested "a child support arrearage confirmation" and "[c]hild support into the future." M.S.M.'s foster mother testified and the Department requested that the trial court take judicial notice of a trial court's order from 2014 regarding Sam's child support payments. No other evidence was offered. The trial court rendered an order confirming Sam owed $6,942 in child support arrearages and increasing Sam's child support payments to $590.36 per month. Sam filed a timely notice of appeal.

## DISCUSSION

Sam argues the trial court erred by confirming he owed $6,942 in arrearages and increasing his monthly child support obligation because (1) the Department did not request any such relief in its petition to modify; and (2) the trial court's child support orders are not supported by legally and factually sufficient evidence.

## A. Trial by Consent

A trial court may not grant a party relief in the absence of supporting pleadings unless the issue was tried by consent. *See* TEX. R. CIV. P. 301, 67; *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). An issue is tried by consent when evidence is presented on an issue and that issue is developed during trial without objection. *Ingram*, 288 S.W.3d at 893. An issue of child support may be tried by consent. *In re W.M.H.*, No. 02-14-00003-CV, 2014 WL 5791561, at *4-5 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (mem. op.).

At trial, the Department requested that the trial court confirm child support arrearages and increase Sam's monthly child support payments. M.S.M.'s foster mother testified about Sam's income and his prior child support payments. Sam's ad litem attorney cross-examined M.S.M.'s foster mother on those issues. Sam's ad litem attorney did not object to the Department's requests at trial to confirm child support arrearages, to increase his child support payments, or to the evidence admitted at trial to develop that issue. We hold the child support issues were tried by consent, and thus the trial court was authorized to award the Department the relief it requested in the absence of supporting pleadings. *See Ingram*, 288 S.W.3d at 893; *In re W.M.H.*, 2014 WL 5791561, at *4-5.

## B. Sufficiency of the Evidence

Sam argues the evidence is legally and factually insufficient to support the trial court's order confirming he owes $6,942 in arrearages and increasing his monthly child support payments. "We review the trial court's child support ruling under an abuse of discretion standard." *In re M.P.M.*, 161 S.W.3d 650, 654 (Tex. App.—San Antonio 2005, no pet.). "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, without reference to any guiding rules or principles." *Id.* Under this standard, the legal and factual sufficiency of the evidence is a relevant factor in determining whether the trial court has abused its discretion, but they are not

independent grounds for asserting error. *Id.* "When reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the finding, disregarding all evidence and inferences to the contrary." *Id.*

In the SAPCR proceeding, the trial court ordered Sam to pay $419 a month in child support. M.S.M.'s foster mother testified Sam paid $200 only three times during the eighteen months Sam was required to make payment. Considering this evidence in a light most favorable to the trial court's ruling, there is evidence Sam was to pay $7,542 over eighteen months, paid only $600, and thus owed $6,942 in arrearages. We hold the trial court did not abuse its discretion by confirming Sam owes $6,942 in arrearages.

A movant seeking modification of a child support order has the burden to show the circumstances of the parent or child have materially and substantially changed. *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). M.S.M.'s foster mother testified Sam's monthly income was approximately $3,600 when he was first ordered to pay child support. But she also testified Sam then went to jail and stopped receiving SSI benefits, and she was unable to determine how much Sam was receiving in "VA benefits." There is no evidence supporting the trial court's order increasing Sam's monthly child support payments. We therefore hold the trial court erred by modifying Sam's child support payments.

## CONCLUSION

We reverse the trial court's modification of Sam's monthly child support obligation and render judgment reinstating Sam's child support obligation of $419 a month. We affirm the remainder of the trial court's order.

Luz Elena D. Chapa, Justice