

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00195-CV

Tomoko **WARREN**,
Appellant

v.

Eric-Jason M. **WARREN**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 17-302
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: May 1, 2019

AFFIRMED

Tomoko Warren appeals a final divorce decree in which the trial court ordered Eric-Jason M. Warren to pay Tomoko child support for five months after which neither parent would pay the other child support. Tomoko argues the trial court abused its discretion given the large income disparity between the parties. Tomoko also argues the evidence is insufficient to support a finding that she is intentionally underemployed. We affirm the decree.

## BACKGROUND

Tomoko and Eric entered into a mediated settlement agreement resolving all issues relating to their divorce except the issue of child support which the trial court determined after a bench trial. The trial court ordered Eric to pay Tomoko child support for five months subject to earlier termination on the earliest occurrence of either of the following two events; (1) Tomoko failed to timely pay the mortgage payment for the marital residence which she was awarded in the division of property; or (2) Eric obtained a residence with at least two bedrooms. After the five months, neither parent was ordered to pay the other child support.

In its findings of fact, the trial court specified the following reasons for varying from the child support guidelines. The parties agreed in the mediated settlement agreement that the parties would have possession of the children an equal amount of time. Eric has significant health problems which prohibit him from earning additional income. Eric also has been found to be disabled and receives disability pay. Tomoko has two college degrees and the ability to work as a licensed school teacher, and she did not testify as to any disability or physical handicap that would prevent her from earning additional income. Tomoko was awarded the more reliable, newer automobile and the marital residence while Eric must obtain new housing at his sole cost in order to exercise his equal visitation with the children and must also secure a different automobile.[1] Finally, the trial court expressly found Tomoko was underemployed, and her possible net resources are comparable to Eric's if she was employed to her ability.

## STANDARD OF REVIEW AND APPLICABLE LAW

A court's child support order will not be overturned on appeal unless the complaining party can show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per

---

[1] The mediated settlement agreement provided that Eric would have standard possession until he obtained a residence with a separate bedroom for the children at which time the parties would alternate weekly possession of the children.

curiam); *In re N.T.P.*, 402 S.W.3d 13, 18 (Tex. App.—San Antonio 2012, no pet.). "Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error." *In re M.P.M.*, 161 S.W.3d 650, 654 (Tex. App.—San Antonio 2005, no pet.). "However, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion." *Id*. "When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion." *In re N.T.P.*, 402 S.W.3d at 22. "A trial court does not abuse its discretion when its decision is based on conflicting evidence or if some evidence of a probative and substantive character exists to support the child-support order." *Villalpando v. Villalpando*, 480 S.W.3d 801, 811 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

"The law has long recognized parents have a legal duty to support their children during their minority." *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011). "A parent who is qualified to obtain gainful employment cannot evade his or her child support obligation by voluntarily remaining unemployed or underemployed." *Id*. For these reasons, a court may apply support guidelines based on a party's earning potential (rather than the party's actual income) if the court finds the party's actual income "is significantly less than what the [party] could earn because of intentional unemployment or underemployment." TEX. FAM. CODE ANN. § 154.066. "Intentionally unemployed or underemployed" means the party "consciously chooses to remain unemployed or underemployed." *Iliff*, 339 S.W.3d at 80. "The court must engage in a case-by-case determination to decide whether child support should be set based on earning potential as opposed to actual earnings." *Id*. at 82.

In this case, after Tomoko offered proof of her current wages, Eric bore the burden of demonstrating she is intentionally unemployed or underemployed. *See id.* The burden then shifted to Tomoko to offer evidence in rebuttal. *See id.*

### DISCUSSION

As previously noted, Tomoko contends the trial court abused its discretion in not ordering Eric to pay child support given the parties' income disparity and argues the evidence is insufficient to support the trial court's finding that she is intentionally underemployed.

During the bench trial, Tomoko testified that she was then employed at a daycare making $12.00 an hour and worked thirty to forty hours a week. The evidence also established, however, that she had an associate's degree in English from a college in Japan and a bachelor's degree in early childhood education from the University of Texas at San Antonio. Although Tomoko previously held a teaching license, she had not applied to renew the license which had expired. Tomoko testified she did not work after the children were born. At the time of trial, the children were thirteen and seven. When asked if there was a reason she had not applied to renew her teaching license, Tomoko responded, "No." When asked if anything was preventing her from renewing her teaching license, Tomoko responded she did not believe being the lead teacher in a classroom was her "path goal." When asked if she could apply for a teaching license and obtain a lead teacher position if she needed the funds, Tomoko responded, "Yes."

Having reviewed the record, we hold the evidence supports the trial court's finding that Tomoko was intentionally underemployed. Therefore, the trial court did not abuse its discretion in considering Tomoko's earning potential and finding her possible net resources were comparable to Eric's whose monthly income was $5,376.00 including approximately $1,000 he received each month in VA disability benefits. And, given that the parties earning potential was comparable, the parties had equal possession of the children, and Tomoko was awarded the marital residence and

the more reliable, newer automobile, the trial court did not abuse its discretion in ordering that neither parent was required to pay the other parent child support. *See In re A.E.R.*, No. 05-15-00019-CV, 2016 WL 4205683, at *6 (Tex. App.—Dallas Aug. 9, 2016, pet. denied) (noting "evidence showed that Father was not ordered to pay child support because the parties were given joint, 50/50 possession of the children" despite Father having "much greater earning potential than Mother") (mem. op.).

## CONCLUSION

The trial court's final divorce decree is affirmed.

Rebeca C. Martinez, Justice