**In the Interest of R. L. & S. M. L., the Children.**

**No. 18561.**

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1981.

Michael A. Kueber and Bruce S. Fox, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, for appellant.

Tim Curry, Dist. Atty., Tarrant County, Tom Myers and Joe Lockhart, Asst. Dist. Attys., Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from a judgment decreeing termination of the parent-child relationship of the alleged biological father, R. _____ L. _____ to two minor children, R. _____ L. _____ Jr., and S. _____ M. _____ L. _____, as well as the parent-child relationship of the alleged *legal* father, C. _____ L. _____, to the two children. The involuntary termination proceeding is governed by Tex. Family Code Ann. sec. 15.02 (1975). The judgment appointed the Texas Depart-

ment of Human Resources, Tarrant County Child Welfare Unit, as managing and possessory conservator of the children. Only the alleged biological father appeals.

We affirm.

Appellant assigns three points of error, asserting that the evidence was insufficient to show that he:

(1) voluntarily left the children alone or in possession of another not the parent without expressing an intent to return, without providing for the adequate support of the children and remained away for a period of at least three months;

(2) knowingly allowed the children to remain in condition or surroundings which endangered the physical or emotional well-being of the children;

(3) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being.

Tex. Family Code Ann. sec. 15.02 (1975), allows the court to grant a petition for termination of a parent-child relationship if the court finds that statutory grounds exist. As to the alleged *legal* father, C. _____ L. _____, the grounds relied upon were those found in Sec. 15.02(1)(E), which permits termination if the parent has:

"failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . . ."

As to the alleged *biological* father, R. _____ L. _____, the appellant, the grounds relied upon were those found in Sec. 15.-02(1)(B), (C), and (D):

"(B) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; or

"(C) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

"(D) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; . . . ."

The two minor children are alleged to be the issue of a relationship between their mother and the appellant which began in 1973 and continued until the mother's death on July 20, 1979.

The evidence shows that on July 14, 1979, appellant struck the mother in the head with a tire tool after arriving at their apartment and finding her with another man. The children were in the apartment at the time. The mother died subsequently, and appellant was convicted of voluntary manslaughter. On May 23, 1980, he was sentenced to confinement in the penitentiary for not less than two nor more than six years.

Appellant testified that when he began his relationship with the decedent in 1973, he believed her to be married to another man, C. _____ L. _____, whom he believed resided in Mexico. There is no other evidence such a marriage existed.

■ As the trier of fact, the trial judge had the province and duty to consider all the circumstances relating to the testimony and accept or reject all or any part of it. *Hood v. Texas Indemnity Insurance Company*, 146 Tex. 522, 209 S.W.2d 345 (1948); *Electro-Hydraulics Corp. v. Special Equip. Eng. Inc.*, 411 S.W.2d 382 (Tex.Civ.App.— Waco 1967, ref'd n. r. e.).

■ It is the policy of this state to preserve and uphold a marriage against a claim of invalidity, unless strong reasons exist for holding it void or voidable. The most recent marriage will be *presumed* valid, as against each prior marriage, until one who asserts the validity of a prior marriage proves its validity. Tex. Family Code Ann., sec. 2.01.

Appellant testified that the decedent had told him she was never divorced. He also testified that he married her in Arlington, Texas, in 1973, and not in a ceremonial

marriage; and that they agreed to be husband and wife and so represented themselves to the public; and that the two children who are the subject of this proceeding were then born to them. He testified he is their father.

■ Appellant's uncontroverted testimony proved his marriage without formalities to the decedent. Tex. Family Code Ann., sec. 1.91. Having done so, the presumption of the validity of that marriage is stronger than, and overcomes, the presumption of the continuance of decedent's prior marriage. *Simpson v. Simpson*, 380 S.W.2d 855 (Tex.Civ.App.—Dallas 1964, ref'd n. r. e.).

Nevertheless, the decedent's supposed prior husband was joined as a party, to terminate the rights he might have, if any, as the alleged *legal* father of the children. There was testimony that he was in Mexico, and that his exact whereabouts were unknown.

■ No question was raised on appeal as to the court's jurisdiction over the alleged non-resident *legal* father. If is fundamental, however, that such jurisdiction must exist if his parental relationship is to be terminated.

■ This state's vital interest in protecting the rights of children within its borders does not give license to disregard the basic protection afforded non-residents by the Due Process Clause of the Fourteenth Amendment. *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

■ It was alleged that the whereabouts of the legal father were unknown. He was cited by publication and was represented at trial by an attorney ad litem. We hold that the trial court did have jurisdiction over him.

■ Tex. Family Code Ann., sec. 11.051 (Supp.1980–81), permits personal jurisdiction over a non-resident defendant in matters affecting the parent-child relationship. The statute, however, requires basic minimum contacts by the non-resident parent with the State of Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Bergdoll v. Whitley*, 598 S.W.2d 932 (Tex.Civ.App.— Austin 1980, no writ); *Butler v. Butler*, 577 S.W.2d 501 (Tex.Civ.App.—Texarkana 1978, writ dism'd.).

■ The trial court was justified in concluding from the testimony that the children were conceived and born in Texas, thus providing the necessary minimal contacts to support jurisdiction in Texas over the non-resident who is alleged to be a legal parent of those children. Tex. Family Code Ann., sec. 11.051 (Supp.1980–81); *Crockett v. Crockett*, 589 S.W.2d 759 (Tex.Civ.App.— Dallas 1979, ref'd n. r. e.).

By appellant's testimony, it was established that after injuring his wife with a tire tool, he fled, leaving the children in the apartment. He testified that he soon returned, saw police at the apartment, and was afraid to stop for the children; that for the next three to four months he hid in Houston aided by his sister, whom he had told of his fugitive status and the reasons for his flight.

Appellant did not seek to contact his children while he was a fugitive and sent them no financial aid during that time. He did not even learn of their whereabouts until his eventual arrest in December, 1979.

Appellant timely filed request for findings of fact and conclusions of law, but none were made and filed by the court separate from the judgment.

■ We may not substitute our own conclusions for those of the trier of fact. *Riley v. Crossley*, 383 S.W.2d 427 (Tex.Civ. App.—Houston 1964, no writ); *Hunter v. Hunter*, 321 S.W.2d 92 (Tex.Civ.App.—El Paso 1959, no writ).

■ Where the appellant makes no complaint on appeal that the trial court failed to make requested findings of fact and conclusions of law, we must presume that every fact issue, and such implied findings as are necessary, were found in the trial court in support of the judgment. *Rosenthal v. Leaseway of Texas, Inc.*, 544 S.W.2d 180 (Tex.Civ.App.—Tyler 1976, no writ).

Additionally, the statement of facts convinces us that appellant's own testimony provided the court sufficient evidence to support its judgment.

The three points of error are overruled. Judgment of the trial court is affirmed.