Estle L. KING, Petitioner,

v.

James BAUER, M.D., Et Al.,
Respondents.

No. C–3297.

Supreme Court of Texas.

May 8, 1985.

Woodruff & Ellis, Alfred W. Ellis, Dallas, for petitioner.

Law Offices of Guy Allison, Kathryn Snapka, Corpus Christi, for respondents.

McGEE, Justice.

OPINION ON REHEARING

The opinion and judgment of March 20, 1985 are withdrawn and the following is substituted. The motion for rehearing of Dr. Bauer is overruled.

Mrs. Estle King sued Dr. James Bauer, alleging negligent administration of radiation therapy. The trial court rendered judgment on the jury's verdict and awarded Mrs. King $297,000 actual damages plus interest. The court of appeals reversed the judgment of the trial court and rendered judgment that Mrs. King take nothing, finding no evidence that Dr. Bauer breached the standard of care which a reasonable and prudent physician would have taken under the same circumstances. 674 S.W.2d 377. The judgment of the court of appeals is reversed and the cause is remanded to that court.

Mrs. King was treated for lung cancer in 1978, and shortly thereafter began a regime of radiation therapy under the direction of Dr. James Bauer. The prescribed treatment involved ten doses of radiation treatment in two weeks, followed by a two-week rest period and concluded with eight more doses in the next two weeks. The initial dose was 250 rads and each subsequent dose was 300 rads. Dr. Bauer testified that the total amount of radiation Mrs. King received was 5,398 rads and, in particular, the spinal column was exposed to approximately 4,650 rads. All of the treatments were given in an anterior-posterior fashion with a field size of 10 by 12 centimeters except that the last three doses were by a rotational-arc method using a 10 by 15 centimeter field. Dr. Bauer admitted no exterior shielding of the spinal cord was done.

Approximately 10 months after the completion of the radiation therapy, Mrs. King began to experience radiation myelopathy

which resulted in the degeneration of the spinal column and complete paralysis of her lower body. At trial, Mrs. King contended that her paralysis was proximately caused by the negligent radiation treatment administered by Dr. Bauer.

The court of appeals initially determined that Mrs. King had established the general standard of care for physicians administering radiation therapy. Since the trial was prior to the effective date of the new rules of evidence, the parties did not have the benefit of asking a witness a question embracing the ultimate negligence issue. Tex. R.Evid. 704. The court of appeals, however, held there was no evidence to support the jury's findings of negligence because Mrs. King had failed to present evidence that Dr. Bauer had undertaken a mode of treatment which would not have been taken by a reasonable and prudent physician under the same or similar circumstances. 674 S.W.2d 381.

An appellate court, in reviewing a "no evidence" point, must consider only that evidence and reasonable inferences drawn therefrom in their most favorable light to support the jury's findings, disregarding all contrary evidence and inferences. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). Various physicians testified as expert witnesses and evidence of the standard of care in administering radiation therapy was produced. Specifically, Dr. Joe Rector testified that 300 rads per day was more than the usual or standard dose in treating the type of cancer afflicting Mrs. King. He stated that the rule of thumb is about 1000 rads a week divided into five treatments of 200 rads. Dr. Rector described the field size of 10 by 12 centimeters to be a large one and explained that the "larger the field the smaller the dose." He further remarked that the total amount of radiation Mrs. King received was "too much for her" and agreed that paralysis was not an acceptable result of radiation therapy.

Dr. Hubert Withers testified that the hazard of radiation myelitis and paralysis is "substantially higher" when a total dose of 4500 rads is given in 300-rad instead of 200-rad doses. He added that radiotherapists, in determining the amount of radiation given the spinal cord, "take a lot of care not to exceed a dose of 5,000 rads" and "to be quite safe, they commonly restrict the dose to about 4,500 rads." Dr. Withers calculated that Mrs. King's spinal cord had received a total dose as high as 4,700 rads. He also agreed that the usual split-course treatment consisted of two courses of 3,000 rads delivered in 10 doses separated by a one-month's rest and in most cases the spinal cord is excluded from radiation during the second course of treatment. Another expert, Dr. Vincent Collins, testified that medical literature recognized the possibility of spinal cord injury under the circumstances of Mrs. King's prescribed treatment.

There is evidence to support the jury's findings that Dr. Bauer was negligent. Accordingly, we reverse the judgment of the court of appeals in this respect and remand the cause for disposition of the "insufficiency" point. *Stodghill v. Texas Employers Insurance Association*, 582 S.W.2d 102, 105 (Tex.1979).

Because we are remanding this cause, we find it unnecessary to decide the question of whether pre-judgment interest should be allowed in a case of this type.

The judgment of the court of appeals is reversed and the cause is remanded to that court to determine the sufficiency of the evidence point of error.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I respectfully dissent. Mrs. King failed to offer any evidence that Dr. Bauer deviated from the proper standard of care. I would therefore affirm the judgment of the court of appeals.

In a medical malpractice case the plaintiff has the burden to prove by expert testimony the standard of care. In *Hood v. Phillips* 554 S.W.2d 160, 165 (Tex.1977), the court held that the plaintiff has the

burden to prove that the doctor undertook a mode or form of treatment which a reasonable and prudent member of the medical profession would not have undertaken *under the same or similar circumstances.* (Emphasis added).

Various physicians testified as expert witnesses. Their testimony clearly established the common form of radiological treatment. Dr. Bauer's treatment differed from the common form of treatment. The expert witnesses, however, also testified that a number of factors such as type of cancer, location of cancer, individual susceptibility to radiation, size of the patient, and other individual characteristics of the patient would vary the form of treatment a patient should receive. None of the doctors gave an opinion as to what Dr. Bauer should have done, taking into consideration the particular facts of this case. The testimony establishes only that radiologists *in general* administer 200 rads per treatment, and that *in general* 300 rads per dose is *"unusual."*

The expert testimony in my opinion failed to establish that Dr. Bauer's treatment constituted the type of treatment that a reasonable and prudent physician would not have administered in the same or similar circumstances. *Guidry v. Phillips,* 580 S.W.2d 883, 886 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). For these reasons, I dissent.