Karen Elizabeth **RINEHOLD**, Appellant,

v.

Michael Alan **RINEHOLD**, Appellee.

No. C14–89–00624–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 24, 1990.

David Frishman, Katy, for appellant.

Bruce R. Steffler, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Karen Rinehold appeals from the trial court's order denying her motion to enforce its earlier divorce decree as to child support and refusing to find appellee in contempt. Since the trial court properly found appellee was entitled to credit for actual support provided to his daughter, and that the agreement incident to divorce was not enforceable as contract terms, we affirm the order of the trial court

■ Appellant's one point of error challenges a number of the trial court's finding. The trial court's findings have the same force and dignity as a jury's verdict on special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e). Those findings are reviewed according to the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Aerospatiale Helicopter Corp. v. Universal Health Services, Inc.*, 778 S.W.2d 492, 498 (Tex. App.—Dallas 1989, writ denied).

■ When both legal and factual sufficiency points are raised, we must first examine the legal sufficiency of the evidence. In reviewing the record, we are to consider only the evidence and inferences that tend to support the finding, and disregard evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex. 1985). If there is any evidence of probative value to support the finding, we must uphold the finding and overrule the point of error. *In re King's Estate*, 150 TEX. 662, 244 S.W.2d 660, 661 (1951).

■ If the finding is supported by legally sufficient evidence, we must then weigh and consider all the evidence, both that in support of and that contrary to the challenged finding. The finding must be upheld unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor*, 715 S.W.2d 629, 635 (Tex.1986). We may not substitute our opinion for that of the trier of fact merely because we might have reached a different conclusion. *Benoit v. Wilson*, 150 TEX. 273, 239 S.W.2d 792, 896 (1951); *Thompson v. Wooten*, 650 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, the trial court as trier of the facts is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Under the terms of the 1983 divorce decree, appellant was appointed managing conservator of the couple's two minor children, Kristen and Mindy. Appellee was

appointed possessory conservator and ordered to pay $1,300 per month to appellant for the children's support, with 5% increases periodically. The trial court found that the divorce decree required appellee to pay a total of $44,200 in child support for the period from June 1, 1986, to the date of the hearing.

Appellant testified that, beginning June 1, 1986, she voluntarily agreed that Kristen could live with appellee. From June of 1986 through March of 1989, when Kristen attained majority, appellee had actual care, control and possession of the child. Until June of 1986, when Kristen began living with him, appellee had paid 100% of the court-ordered support each month; thereafter, he began sending appellant only one-half of the required support payments. Appellant's own pleadings and testimony confirm that Kristen lived with her father during this period and that he did, in fact, pay one-half of the court-ordered child support to appellant each month. The parties stipulated that appellant's pleadings were a correct shorthand rendition of the amounts paid and the alleged amounts due. The record fully supports the trial court's findings that appellant voluntarily relinquished to appellee the actual care, control and possession of Kristen for a period in excess of his court-ordered periods of access and possession; and that he paid appellant in excess of $26,000 in child support for their second daughter, Mindy, during the period in question.

Although the requirements established by the divorce decree remained in effect even after Kristen went to live with her father, under statutory authority appellee was able to plead and prove that the actual support he provided for Kristen was an affirmative defense to the motion for contempt, and that he was entitled to an offset to appellant's claimed arrearage in the amount of that actual support. TEX.FAM. CODE ANN. §§ 14.40(c), 14.41(c) (Vernon 1986). Appellee presented evidence of his household expenses for the period in question. Since three people were residing there, the trial court found appellee had provided actual *support* of approximately one-third of that amount, $40,000. The tri-

al court then found appellee was entitled to an offset of $26,817.71 against appellants claimed arrearage. There is sufficient evidence in the record from which the trial court could reasonably have reached its factual determinations on support paid and offsetting actual support provided to Kristen.

Appellant also challenges the trial court's finding that she did not incur $900 in dental bills for treatment of Kristen during the period from June of 1986 to the hearing date. Appellant offered no documentary evidence to sustain her pleading on this point, only her testimony was offered. The trial court sustained an objection to a portion of her testimony on the grounds of relevancy, since she was discussing dental expenses for her other daughter, which was an issue not raised by her pleadings. The trial court was the sole judge of the credibility of her testimony. It was free to determine the weight it would be accorded. *Rego v. Brannon* 682 S.W.2d at 680. The record supports the trial court's finding that alleged dental expenses were not incurred for Kristen during the period at issue.

■ Appellant complains that the trial court erred in finding that the evidence was insufficient to support her claim that the terms of the Agreement Incident To Divorce were enforceable as a contract. To be enforceable as a contract, an agreement concerning child support must satisfy the requisites of TEX.FAM.CODE ANN. § 14.06(d) (Vernon 1986), which provides that "[t]erms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but *are not enforceable as contract terms unless the agreement so provides.*" [Emphasis added.] The Texas Supreme Court has interpreted section 14.06(d) as requiring that the parties to the agreement must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms for that remedy to be available. *Elfeldt. v. Elfeldt,* 730 S.W.2d 657, 658 (Tex.1987). Neither the divorce decree, nor the separate Agreement Incident To Di-

vorce, expressly states that the terms of the agreement are enforceable as contract terms.

Additionally, the trial court could have concluded that the Agreement Incident To Divorce was not incorporated in its entirety into the divorce decree. A review of the decree reveals that the agreement is not referred to at all in the portion dealing with custody and support. The decree states that the custody decisions were based on "the best interest of the children", and that the support ordered was determined after "having considered the circumstances of the parents." It is not until the sixth page of the decree, in the portion dealing with the division of community property that the agreement is even mentioned. The decree then states "that the parties own community property which should be divided in an equitable manner and the Court recognizes the agreement of the parties *as to disposition of their community property* ... IT IS [DECREED] that *the community property agreement* entered into by Petitioner and Respondent and filed herein be and is hereby approved and incorporated into this Decree by reference ..." [emphasis added]. The trial court could reasonable have concluded that only the community property section of the Agreement Incident To Divorce was approved by the court and incorporated into the final decree of divorce. *Klaeveman v. Klaeveman*, 300 S.W.2d 205, 208–09 (Tex.Civ.App.—Austin 1957, writ dism'd). Its finding that appellant was not entitled to contractual enforcement of the support terms of the agreement was not in error.

Whether to award appellant attorney's fees and costs was within the discretion of the trial court. TEX.FAM.CODE ANN. § 14.33(b) (Vernon 1986). Appellant has made no showing that the trial court abused its discretion in declining to award them to her.

Finding no merit to appellant's point of error, the order of the trial court is affirmed.