**Gloria Beltran KERCKHOFF, Appellant,**

v.

**Horace H. KERCKHOFF, Appellee.**

**No. 04–90–00092–CV.**

Court of Appeals of Texas, San Antonio.

March 13, 1991.

Jose M. Guerrero, Law Office of Jose M. Guerrero, San Antonio, for appellant.

Douglas Young, San Antonio, for appellee.

Before BUTTS, CARR and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Appellant, Gloria Kerckhoff, and appellee, Horace Kerckhoff,[1] were married before a justice of the peace in November 1988. Shortly thereafter, Victor Kerckhoff, acting as next friend of Mr. Kerckhoff, filed a petition to annul the marriage. A court, without a jury, entered a judgment annulling the marriage because of the mental incompetence of Mr. Kerckhoff at the time of the marriage and awarding attorney's fees to Mrs. Kerckhoff. We affirm judgment of the trial court.

█ In her sole point of error, appellant challenges the factual sufficiency that appellee lacked mental competence to enter into the marriage relationship as found by the trial court. It is the policy of this State to uphold and preserve the marriage against claims of invalidity, unless strong reasons exist for holding it void or voidable. *In re R.L.*, 622 S.W.2d 660 (Tex.App.—Fort Worth 1981, no writ). Marriages may be declared void or voidable. Section 2.45(a) of the Texas Family Code permits a party, or a next friend, to petition the court to annul the marriage if:

(1) at the time of the marriage, as a result of mental disease or defect, the petitioner did not have the mental competency to consent to marriage or to understand the nature of the marriage ceremony; and

(2) since the marriage ceremony, the petitioner has not voluntarily cohabited with the other party during any period when the petitioner possessed the mental competency to recognize the marriage relationship.

TEX.FAM.CODE ANN. § 2.45(a) (Vernon 1975).

█ Appellant's brief tends to suggest that there may be a legal sufficiency basis for this court to consider as well as a factual sufficiency basis to attack the judgment of the trial court. When both legal and factual sufficiency points are raised,

we must first examine the legal sufficiency of the evidence. In reviewing the record, we are to consider only the evidence and inferences tending to support the finding and disregard evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845 (Tex.1985); *Rinehold v. Rinehold*, 790 S.W.2d 404 (Tex.App.—Houston [14th Dist.] 1990, no writ). If there is any evidence of probative value to support the finding, we must uphold the finding and overrule the point of error. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). If the finding is supported by legally sufficient evidence, we must then weigh and consider all the evidence, both in support of and contrary to the challenged finding. The finding must be upheld unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986). We find that there is a legal basis to uphold the finding of mental incompetency of appellee, Mr. Kerckhoff, as several witnesses, lay and medical, testified that he suffered from a poor state of mind, could not recall recent events, and could not identify people he recently met. The trial court as the trier of fact is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *Rinehold*, 790 S.W.2d at 405. And, we may not substitute our opinion for that of the trier of fact merely because we might have reached a different conclusion. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951).

█ Our inquiry must necessarily depend on appellee's mental state of mind and competence at the time he entered into the marriage. The record discloses that the parties obtained their marriage license in Seguin, apparently with no difficulty. There is no evidence from any of the persons who assisted in this process. The record further reveals that the parties intended to enter into the marriage relationship the same day. Mr. Kerckhoff repeatedly asked, "Are we married yet?"

---

**1.** This suit was originally brought by Victor H. Kerckhoff, as next friend for Horace H. Kerckhoff. Charles Rubiola was later substituted as next friend. For convenience, we refer to Horace H. Kerckhoff as appellee.

The parties were ceremonially married the next day in San Antonio before a justice of the peace who testified that appellee appeared to be normal and that he would not have performed the ceremony had he sensed any problem or abnormality. The ceremony was short, and there was no other evidence from any other witness to the ceremony. While there is no direct evidence that Mr. Kerckhoff lacked mental competence on the date of the marriage, November 3, 1988, and the statute regarding voidable marriages, section 2.45 of the Texas Family Code, refers to mental incompetency at the time of marriage, our supreme court, in reviewing a case regarding the testamentary capacity of a testator, has held that

> Evidence of incompetency at other times may be used to establish incompetency on the day the will was executed if it "demonstrates that the condition persists and 'has some probability of being the same condition which obtained at the time of the will's making.'"

*Croucher v. Croucher,* 660 S.W.2d 55 (Tex. 1983), quoting *Lee v. Lee,* 424 S.W.2d 609 (Tex.1968). Thus, the court properly considered evidence of Mr. Kerckhoff's incompetency subsequent to the marriage date.

■ Appellee relied principally on the testimony of Dr. John B. King, a psychiatrist, who attested to appellee's mental deficiency. He termed his mental condition as dementia, or in lay terms, suffering from organic brain disease which reveals itself in a gross impairment of intellectual functioning. A prominent feature of this impairment is a severe loss of memory. Appellant cites *Burk v. Mata* for the proposition that imperfect memory, caused by sickness or old age, forgetfulness, idle questions or statements will not be sufficient to establish incompetency. 529 S.W.2d 591, 594–95, n. 2 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.), citing *McCannon v. McCannon,* 2 S.W.2d 942 (Tex.Civ.App.—Galveston 1927, writ dism'd).

The trial court heard from several witnesses. Appellant complains on appeal that appellee presented an expert witness,

Dr. King, and that lay opinion on the issue of competency should be given or may be given more weight than that of experts. First, appellant presented her own medical expert who attested to appellee's mental competency during examination for a diabetic condition. Second, in addition to Dr. King, several lay witnesses attested to Mr. Kerckhoff's continued inability to recall whether he had ever remarried after the death of his first wife, Helen. Charles Rubiola, the substitute next friend in this matter, testified that at no time did Mr. Kerckhoff acknowledge that he had remarried, but that appellant "was a good friend." This was sometime shortly after the marriage date. The petition to set aside the marriage was filed sixty days after the marriage date. Appellee's court-appointed guardian and live-in provider both attested to the appellee's lack of mental competency, especially on the issue of remarriage. The trial court accepted the proposition that appellee was mentally incompetent at the time of the marriage. We must remember that the trier of fact heard the witnesses and had an opportunity to observe their appearances and demeanors, to weigh their testimony, and to evaluate the respective qualifications and biases, if any, of the witnesses. This court cannot substitute its opinion as to the credibility of each witness nor the weight to be given the testimony before the trial judge. *Burk,* 529 S.W.2d at 595. The parties did not voluntarily cohabit after the petition was filed. Thus, based on the evidence presented, the trial court found Mr. Kerckhoff mentally incompetent to enter into the marriage relationship. Appellant's sole point of error is overruled.

■ Appellee complains of the trial court's award of attorney fees in the amount of $3,500 granted to appellant. We should note that both parties pleaded for attorney fees. Appellee, however, sought the annulment and appellant defended herself with the assistance of counsel at trial. The grant of attorney's fees in a domestic relations matter rests within the sound discretion of the trial court, and the order of the court will not be disturbed unless a clear abuse of discretion is shown. *Caster-*

*line v. Burden,* 560 S.W.2d 499 (Tex.Civ. App.—Dallas 1977, no writ). The record does not disclose an abuse of discretion on this point considering the nature of the action and the work necessary to defend the action. Nor is the amount excessive. The award is, in fact, less than that requested by counsel. The evidence supports the award of attorney's fees in this matter. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.